IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE CHARTER OAK FIRE INSURANCE COMPANY, et al.,** : <br> Plaintiffs : <br> : <br> v. : <br> : <br> **AMERICAN CAPITAL, LTD., et al.,** : <br> Defendants : | **MISC. NO. 1:12-mc-00358** <br><br> **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Presently before the court are two motions related to litigation ongoing in the United States District Court for the District of Maryland, docketed at Case Number 2009-CV-00100-DKC ("underlying action"). The first motion, filed jointly by non-parties to the underlying action, Christopher Wasko and Marian Rohm,[1] seeks to quash subpoenas directing them each to appear for a deposition ("Motion To Quash"). (Doc. 1.) The second motion, a motion to compel filed by Plaintiffs, seeks a court order requiring Mr. Wasko and Ms. Rohm to comply with the subpoenas and submit to a deposition no later than November 21, 2012 ("Motion To Compel"). (Doc. 4.) Each motion has been briefed and is ripe for disposition. For the following reasons, the Motion To Quash will be denied in its entirety, and the Motion To Compel will be granted in part and denied in part.

---

[1] Both Mr. Wasko and Ms. Rohm are residents of the Middle District of Pennsylvania. (Doc. 1, ¶ 5.)

## I. Background[2]

For the purposes of resolving the motions *sub judice*, it is sufficient to state the following background. This matter involves an insurance coverage dispute arising out of insurance contracts issued by Plaintiffs, The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (collectively "Plaintiffs"), to Defendant American Capital, Ltd. ("Defendant American Capital"), wherein Plaintiffs allege that Defendant American Capital intentionally concealed, misrepresented, omitted, or otherwise falsely represented information material to its liability exposure and the scope of insurance. Both Mr. Wasko and Ms. Rohm (collectively "Movants") are former employees of Marsh, Inc. ("Marsh"), a corporation retained by Defendant American Capital to broker certain insurance policies, and were involved in the procurement of the policies at issue in the underlying action.[3] Marsh, through Mr. Wasko and Ms. Rohm, allegedly made representations and provided or omitted certain factual information to Plaintiffs in connection with the placement of insurance. Specifically, it is alleged that Movants falsely represented to Plaintiffs that Defendant American Capital had no subsidiaries. In short, Plaintiffs assert that the representations of Mr. Wasko and Ms. Rohm are at the core of the underlying action.

---

[2] This recitation of facts is derived from the parties' briefs. It is assumed that, consistent with Federal Rule of Civil Procedure 11, the factual representations are accurate. The facts are uncontested, unless noted.

[3] In their Motion To Quash, Movants allege that, although they were employees of Marsh at the time of the events at issue in the underlying action, each now works for a different employer and neither has an interest in, and bears no relation to, the underlying action. (Doc. 1, ¶ 21.)

2

At issue here are subpoenas for depositions that were served upon Movants.[4] Mr. Wasko was served on August 16, 2012,[5] and was directed to appear for his deposition within the Middle District of Pennsylvania on October 17, 2012. Ms. Rohm was served on August 16, 2012, and was directed to appear for her deposition within the Middle District of Pennsylvania on October 18, 2012. Relevant to the instant dispute, Defendant American Capital asserted a privilege over certain communications between Mr. Wasko, Ms. Rohm, and Defendant American Capital ("Privileged Communications").[6] That privilege, the validity of which Plaintiffs dispute, is the subject of a motion to compel currently pending in the United States District Court for the District of Maryland ("Maryland District Court").

Despite the pending motion, Plaintiffs seek to depose both Mr. Wasko and Ms. Rohm no later than November 21, 2012, which will be, presumably, before the Maryland District Court's disposition of the motion. Although Plaintiffs had previously made scheduling accommodations, Plaintiffs now appear to be firm in

---

[4] Plaintiffs allege that, prior to issuing a subpoena for deposition, Plaintiffs informally attempted to depose Movants by way of an email request. (Doc. 4, Ex. C.)

[5] Mr. Wasko was originally served with a subpoena for deposition on July 6, 2012, which directed his appearance for a deposition scheduled on August 10, 2012 (Doc. 4, Ex. H), a date selected by counsel for Marsh (*See* Doc. 4, Ex. D). Counsel for Marsh ultimately informed Plaintiffs that, if Plaintiffs would not agree to not call Mr. Wasko back for further testimony after any additional documents are produced, Mr. Wasko would not attend the August 10, 2012 deposition. (*Id.*, Ex. K ("Your refusal to agree to this request means that we will have to schedule Mr. Wasko's deposition, and any other depositions of Marsh witnesses, after Marsh's document production is completed.").)

[6] Although the court is aware that the nature of the communications over which Defendants asserted a privilege has not yet been decided by the Maryland District Court, it will nonetheless refer to those communications collectively as "Privileged Communications" for the purpose of clarity in deciding the instant motions. Of course, by doing so, the court makes no indication as to whether the documents should be considered privileged.

their position that discovery must proceed without the benefit of the Maryland District Court's decision on the Privileged Communications in light of upcoming discovery deadlines, particularly a November 30, 2012, deadline for expert disclosures.[7] Plaintiffs' position is based upon the assertion that Mr. Wasko and Ms. Rohm's involvement is central to the underlying action, and is therefore "necessary to assist Plaintiffs' decisionmaking with respect to additional fact discovery," regardless of the Maryland District Court's ruling. (Doc. 4, ¶ 27.)

Mr. Wasko and Ms. Rohm are concerned that, by agreeing to be deposed prior to the Maryland District Court's decision regarding the Privileged Communications, they may be subpoenaed for a second deposition should the

---

[7] Pursuant to Plaintiffs and Defendants joint submission of case schedule, the following represents relevant discovery deadlines:

| Commencement of discovery | January 20, 2012 |
| Commencement of depositions | April 23, 2012 |
| Deadline for joinder of additional parties | June 18, 2012 |
| Plaintiff's Rule 26(a)(2) expert disclosures other than bad faith; Defendants' Rule 26(a)(2) expert disclosure on bad faith and fraud counterclaims | November 30, 2012 |
| Defendants' Rule 26(a)(2) expert disclosures other than bad faith; Plaintiffs' Rule 26(a)(2) expert disclosures on bad faith and fraud counterclaims | January 4, 2013 |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures other than bad faith; Defendants' rebuttal Rule 26(a)(2) expert disclosures on bad faith and fraud counterclaims | February 8, 2013 |
| Close of all discovery; submission of status report | March 18, 2013 |
| Deadline for serving requests for admission | April 5, 2013 |
| Deadline for filing of dispositive motions | April 17, 2013 |

(Doc. 4, Ex. B.)

Maryland District Court rule that the communications are not privileged. Movants reason that, if forced to attend a deposition prior to the Maryland District Court's ruling, Plaintiffs would be unable to elicit testimony regarding the Privileged Communications. If the Maryland District Court subsequently rules in Plaintiffs favor and holds that no privilege applies to the communications at issue, Plaintiffs may request a second deposition to examine the Movants on the newly-discoverable communications. Movants believe such a scenario would present an undue burden and force them to miss several days of work, and adversely affect their professional and personal lives. (Doc. 1, ¶¶ 18, 21.)

## II.         Discussion
### A.    Statement of Law

The Federal Rules of Civil Procedure allow the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevant evidence need not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 45 sets forth the procedures through which a party may seek discovery from a nonparty.

Federal Rule of Civil Procedure 45 governs when a court may quash or modify a subpoena. Specifically, Rule 45(c)(3)[8] requires a court to quash a subpoena

---

[8] Rule 45(c) provides, in pertinent part, as follows:

**(c)    Protecting a Person Subject to a Subpoena**.

(1)    **Avoiding Undue Burden or Expense; Sanctions**. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce
(continued...)

if it is unduly burdensome. Moreover, Rule 26(c)[9] permits a court, for good cause, to issue a protective order to prevent a person from annoyance or undue burden. In examining motions to quash or for a protective order, "courts weigh the need of the party seeking discovery against any undue hardships created by permitting it." *Young v. Pleasant Valley Sch. Dist.*, 2007-CV-854, 2011 WL 3651796, *1 (M.D. Pa. Aug. 18, 2011). When analyzing whether a subpoena places an undue burden on a nonparty, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed. *Grider v. Keystone Health Plan Cent., Inc.*, 2005-MC-40, 2005 WL 2030456, *7 (M.D. Pa. July 28, 2005).

The party seeking to quash the subpoena bears the heavy burden of demonstrating that the requirements of Rule 45 are satisfied. *See City of St.*

---

(...continued)
> this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
> \* \* \*
> (3) **Quashing or Modifying a Subpoena**.
> (A) *When required*. On timely motion, the issuing court must quash or modify a subpoena that:
> \* \* \*
> (iv) subjects a person to undue burden.

[9] Rule 26(c) provides, in pertinent part, as follows:

**(c) Protective Orders**.
(1) *In General*. A party or any person from whom discovery is sought may move for a protective order . . . on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery.

*Petersburg v. Total Containment, Inc.*, 2007-MC-191, 2008 WL 1995298, \*2 (E.D. Pa. May 5, 2008); *Dexter v. Cosan Chem. Corp.*, 1991-CV-5436, 2000 U.S. Dist. LEXIS 22134, \*7 (D.N.J. Oct. 24, 2000). Specifically, the moving party must show a "clearly defined and serious injury." *Total Containment*, 2008 WL 1995298 at \*2 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 592-93 (D. Kan. 2003) (holding that general assertions are insufficient to show undue burden for the purpose of a motion to quash)).

### B. Application of Law

#### 1. Motion To Quash Subpoena

Both Mr. Wasko and Ms. Rohm challenge their respective subpoenas for depositions, arguing that, if they are deposed prior to the Maryland District Court's ruling in Plaintiffs' favor, Plaintiff will likely seek a subsequent subpoena to address the subject matter of the Privileged Communications, which would result in undue harm, expense, and inconvenience. Plaintiffs counter that the testimony of Movants is central to the underlying action regardless of whether the Privileged Communications are determined to be privileged, and accordingly, the depositions must be taken at this time in order to allow discovery to proceed. Further, Plaintiffs assert that, even with a favorable ruling regarding the Privileged Communications, a second deposition of Mr. Wasko or Ms. Rohm is not definite. Plaintiffs' cross-motion to compel requests the court to order the depositions of Movants be completed no later than November 21, 2012 in order to comply with upcoming discovery deadlines.

Based on the limited record before the court, the court cannot find a persuasive reason to quash the subpoenas and effectively stay the depositions of Mr.

Wasko or Ms. Rohm until the Maryland District Court decides the motion to compel. It is undisputed that the majority of Movants' testimony is discoverable and relevant to the underlying litigation. Regardless of the privileged nature of the Privileged Communications, Plaintiffs' have an understandable desire to take deposition testimony that will be central to the underlying litigation. While a ruling on the Privileged Communications in Plaintiffs' favor may increase the scope of Mr. Wasko and Ms. Rohm's testimony, the depositions are needed nonetheless. The court must conclude that the depositions of Mr. Wasko and Ms. Rohm are both highly relevant and necessary to the underlying action, and Plaintiffs' desire to take the depositions at this time is justified. This conclusion weighs heavily in Plaintiffs' favor.

Mr. Wasko and Ms. Rohm fail to carry their heavy burden in demonstrating that being deposed at this time is unduly burdensome. Movants present nothing more than speculation in terms of the harm they may suffer. First, the instant depositions are the first depositions of either Mr. Wasko or Ms. Rohm. The Federal Rules of Civil Procedure provide greater protection to individuals from the undue burden associated with being subjected to multiple depositions. Specifically, pursuant to Rule 30,[10] a party must obtain leave of court in order to

---

[10] Rule 30 (a)(2) provides as follows:

(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
(A) if the parties have not stipulated to the deposition and:
(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
(ii) the deponent has already been deposed in the case; or
(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the
(continued...)

8

depose an individual who had previously been deposed. Fed.R.Civ.P. 30(a)(2)(A)(ii). The undue burden alleged in the Motion To Quash relates to the inconvenience Movants will endure in the event they are deposed a *second* time. (Doc. 2, p. 6.) This injury is neither "clearly defined" nor "serious," *Total Containment*, 2008 WL 1995298 at *2, but rather is purely speculative. Indeed, the hypothetical inconvenience is contingent upon the occurrence of several uncertain events, namely: (1) the Maryland District Court ruling that no privilege applies to the Privileged Communications; (2) Plaintiffs deciding that a second deposition of Mr. Wasko and Ms. Rohm is necessary after considering the expense and effort of a limited follow-up deposition; and (3) the court granting leave to seek a second deposition of Mr. Wasko or Ms. Rohm. Furthermore, if the foregoing occurs, Movants may then oppose Plaintiffs' subpoena for a second deposition, at which time the court would weigh the interests anew.

Second, the potential harm alleged in Mr. Wasko and Ms. Rohm's affidavits is insufficient to persuade the court that Movants are unduly burdened by the subpoenas. While the court is sympathetic to Mr. Wasko and Ms. Rohm's personal and professional obligations,[11] it must note that the subpoenas were issued

---

[10](...continued)
United States and be unavailable for examination in this country after that time; or
(B) if the deponent is confined in prison.

[11] The court is aware that Mr. Wasko is employed as an insurance broker and owns his own insurance company and that an overwhelming portion of the companies' clients renew their policies at the beginning of the year, making November and December "two of the busiest months." (Doc. 13, ¶¶ 7-8.) Further, Mr. Wasko alleges that January through March is extremely busy because his companies must meet with clients and provide "on-going claims-related services." (*Id*., ¶ 9.) The court is also aware that Ms. Rohm is one of eight employees at her office, has limited vacation time and funds, and is the primary care giver for her mother. (*Id*., ¶ 12.)

several months ago and that Plaintiffs have a sincere interest in deposing these crucial witnesses before continuing with discovery. Furthermore, at this time, there is only one deposition requested from each movant, and both Mr. Wasko and Ms. Rohm had agreed to being deposed "if Plaintiffs agree[d] not to ask Mr. Wasko and Ms. Rohm to appear [for a second deposition]." (*Id.*, ¶ 6.) Clearly, Mr. Wasko and Ms. Rohm would not be unduly burdened by attending the deposition for which they were subpoenaed; their claims of undue burden only arise if a second deposition is needed, requested, and permitted.

At this point, the burdens asserted do not rise to the level of certainty or seriousness required to sustain the Motion To Quash, especially upon consideration of the relevancy and necessity of the depositions. Accordingly, Mr. Wasko and Ms. Rohm's Motion To Quash will be denied.

### 2. **Request To Limit Deposition Testimony**

In their Motion To Quash, Movants request that the court enter an order limiting the duration of the depositions to the parameters set forth in the Rule 30(d). The court finds their request to be premature and unnecessary. Rule 30(d) provides, in part, as follows:

> (d) Duration; Sanction; Motion to Terminate or Limit.
> (1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
> \* \* \*
> (3) Motion to Terminate or Limit.
>   (A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys,

> embarrasses, or oppresses the deponent or party. . .
> If the objecting deponent or party so demands, the
> deposition must be suspended for the time
> necessary to obtain an order.
> (B) Order. The court may order that the
> deposition be terminated or may limit its
> scope and manner as provided in Rule 26(c).

Fed.R.Civ.P. 30(d). By default, the Rule limits the deposition to seven hours in a single day. There is no motion before this court by any party that seeks to depart from the rule. An order limiting the deposition to the time prescribed in the Rule would, therefore, be superfluous. Further, such an order would not be justified to the extent that it could be interpreted as preemptively foreclosing the possibility that the court extend the deposition, as it is otherwise permitted to do by the Rule. If a request to extend the deposition is made, the court will address the issue at that time and in consideration of the circumstances that then exist. In the meantime, the court expects the parties to adhere to the requirements and limitations as set forth in the rule. Accordingly, Mr. Wasko and Ms. Rohm's request to limit the deposition to a single seven hour day will be denied as premature.

### 3. **Plaintiffs' Cross-Motion To Compel**

Plaintiffs' Motion To Compel requests the court to order the depositions of Mr. Wasko and Ms. Rohm occur on a date mutually convenient to counsel for the parties in the underlying action, but no later than November 21, 2012. Based on the foregoing, Plaintiffs' Motion To Compel is granted to the extent it requests the court to order Movants to respond to the subpoenas. However, the motion is denied with respect to the deadline requested by Plaintiffs. The court is confident that the parties and Movants will decide on a mutually convenient time for the depositions to occur, and will not need further court intervention on this matter.

**III.** **Conclusion**

Based on the foregoing, the court is unable to conclude that Mr. Wasko and Ms. Rohm have carried their burden of demonstrating that Plaintiffs' subpoena imposes an undue burden that requires the court to grant their Motion To Quash. As there has not been a request that the depositions extend beyond the limits set forth in the Federal Rules of Civil Procedure, the court concludes that an order limiting the duration of the deposition would be superfluous and, therefore, declines to grant such a request at this time. Plaintiffs' Motion To Compel will be granted in part and denied in part, inasmuch as Mr. Wasko and Ms. Rohm shall respond to Plaintiffs' subpoena in accordance with the Federal Rules of Civil Procedure, but the court will not impose the November 21, 2012 deadline.

An appropriate order will issue.

                                                     s/Sylvia H. Rambo
                                                   United States District Judge

Dated: November 19, 2012.